UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                           **ORDER**
                            Criminal File No. 16-341 (MJD/FLN)

(1) ANGELA APRIL SCHULZ,
(3) YAHYE MOHAMED HERROW,
(5) TEMITAYO IFELOJU OLUSHOLDA DANIEL,
(7) ABDISALAN ABDULAHAB HUSSEIN, and
(8) MUKHTAR YUSUF HASSAN,

       Defendants.

David Michael Maria and John E. Kokkinen, Assistant United States Attorneys, Counsel for Plaintiff.

Paul C. Engh, Counsel for Defendant Angela April Schulz.

Richard J. Malacko, Malacko Law Office, Counsel for Defendant Yahye Mohamed Herrow.

Kevin W. DeVore, DeVore Law Office, P.A., Counsel for Defendant Temitayo Ifeloju Olusholda Daniel.

R. J. Zayed, Dorsey & Whitney LLP, Counsel for Defendant Abdisalan Abdulahab Hussein.

James M. Ventura, Counsel for Defendant Mukhtar Yusuf Hassan.

The above-entitled matter also comes before the Court upon the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated February 8, 2018.  No objections having been filed to said Report and Recommendation and based upon the files, records, and proceedings herein, the Court adopts the Report and Recommendation of United States Magistrate Judge Noel dated February 8, 2018.

Additionally, on September 29, 2017, Defendant Abdisalan Abdulahab Hussein filed a Motion as to the Superseding Indictment Renewing All Motions Previously Filed as to the Original Indictment.  [Docket No. 233]  Within that motion, Hussein renewed his Motion to Dismiss the Indictment.  [Docket No. 100]  On, February 8, 2018, Magistrate Judge Noel granted Hussein's motion to renew all previously filed motions.  [Docket No. 279]  In the same Order, Magistrate Judge Noel ruled on all renewed motions except for Hussein's Motion to Dismiss the Indictment [Docket No. 100].  Hussein's motion to dismiss was not addressed in the February 8, 2018 Report and Recommendation.  Therefore, the Court addresses Hussein's renewed motion to dismiss at this time.

> An indictment is sufficient if it contains the elements of the offense charged, lets the defendant know what he needs to do to defend himself, and would allow him to plead a former acquittal or

conviction if he were charged with a similar offense. Usually an indictment that tracks the statutory language is sufficient.

United States v. Whitlow, 815 F.3d 430, 433 (8th Cir. 2016) (citations omitted).

The Superseding Indictment in this case meets the aforementioned standard for the charged conspiracy offense and the mail fraud offenses. The Court further notes that the charges in this case are based not only on a theory that a chiropractor commits fraud by billing an insurance company for noncompensable claims based on services provided to a patient who was brought to the clinic through a kickback payment to a runner, but also on allegations that the chiropractor billed the insurance company for treatments that were not medically necessary and for services not actually provided. (Superseding Indictment ¶¶ 1, 3, 4-9, 15, 18-20.) The Superseding Indictment asserts that all of these allegations were part of a scheme to defraud insurance companies. Moreover, as the Eighth Circuit Jury Instructions for the underlying substantive offense recognize, more than one theory of a scheme to defraud may be presented to the jury. See Eighth Circuit Manual of Model Jury Instructions (Criminal) (2014) §§ 6.18.1341 n.2. The Court further notes that the conspiracy charge in the Superseding Indictment is, in fact, a conspiracy count under 18 U.S.C. § 1349. "[A] conspiracy conviction under § 1349 does not require proof of

an overt act." United States v. Roy, 783 F.3d 418, 420 (2d Cir. 2015).  See also Eighth Circuit Manual of Model Jury Instructions (Criminal) (2014) § 5.06A-1 n.2.

Furthermore, "under the No–Fault Act, insurance companies have a right to deny paying benefits based on grounds other than the necessity and reasonableness of the medical treatment." Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A., 88 F. Supp. 3d 985, 1008 (D. Minn. 2015).  See also United States v. Gabinskaya, 829 F.3d 127, 133–34 (2d Cir. 2016) (upholding convictions for conspiracy to commit mail fraud and conspiracy to commit health care fraud, among other offenses, based on physician conspiring to submit claims to no-fault automobile insurance companies that were ineligible for payment under New York law because the physician was not the actual owner of the clinic).  A claim can be fraudulent based on the withholding of a material fact from the insurance company, even when that material fact does not implicate medical necessity.  Thus, if a claim is ineligible for compensation due to violation of the runner statute, that fact could be material to an insurance company.  See Minn. Stat. § 609.612, subd. 2.  Here, the Government has adequately alleged that the existence of kickback payments to runners is a material fact to insurance

4

companies and that Defendants took steps to conceal this material fact. (Superseding Indictment ¶¶ 16-17, 21.)

United States v. Jain, 93 F.3d 436 (8th Cir. 1996), is inapposite because, there, the alleged victims of the mail fraud were the patients and there was no evidence of harm; here, the Government alleges that the automobile insurance companies were the victims, that the victims were billed for services that were not medically necessary or were not provided, and that the non-disclosure of the runner payments was a "material fact" to those insurance companies (Superseding Indictment ¶ 21).  Finally, Illinois Farmers Ins. Co. v. Mobile Diagnostic Imaging, Inc., No. 13-CV-2820 (PJS/TNL), 2014 WL 4104789, at *9-10 (D. Minn. Aug. 19, 2014), did not address the runner statute, and Illinois Farmers Ins. Co. v. Guthman, No. CV 17-270 (RHK/SER), 2017 WL 3971867, at *6 (D. Minn. Sept. 7, 2017), addressed a civil complaint in which the plaintiffs failed to allege that "the runners were aware of the scheme" and, so, concluded that the complaint failed to "plausibly allege that the runners knowingly participated in a scheme to defraud."

Additionally, the Court notes that the Superseding Indictment adequately alleges that Defendant Hussein acted "knowingly and willfully" in conspiring

(Superseding Indictment ¶ 24) and acted "having devised and intending to devise the scheme and artifice" at issue with respect to the mail fraud counts (id. ¶ 26.) Thus, the Court denies Hussein's renewed Motion to Dismiss the Indictment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Noel dated February 8, 2018 [Docket No. 282].

2. Defendant Abdisalan Abdulahab Hussein's renewed Motion to Dismiss the Indictment [Docket No. 100] is **DENIED**.

3. Defendant Angela April Schulz's Second Motion to Dismiss [Docket NO. 229] is **DENIED**.

4. Defendant Mukhtar Yusuf Hassan's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 242] is **DENIED**.

5. Defendant Mukhtar Yusuf Hassan's Motion to Suppress Statements, Admissions and Answers [Docket No. 255] is **DENIED**.

6. Defendant Mukhtar Yusuf Hassan's Motion to Suppress Wire Interceptions, Electronic Surveillance, and Other Evidence [Docket No. 256] is **DENIED**.

Dated:   March 12, 2018               s/Michael J. Davis
                                      Michael J. Davis
                                      United States District Court Judge